Eastern District of Kentucky
FILED

MAR 1 4 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 06-CV-024-KSF

WILL L. DAWSON                                                                                   PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

STEVEN DEWALT, Warden                                                                     RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Will L. Dawson, an individual currently incarcerated at the Federal Medical Center in Lexington, Kentucky, has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has now paid the $5.00 district court filing fee.

This matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2)(B) permits a court to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

CLAIMS

The petitioner claims that this Court should grant him relief from his current conviction and sentence because (1) he has "new presented evidence" of his actual innocence; and (2) failure to hear

his claim will result in a fundamental miscarriage of justice.

## BACKGROUND

The petitioner presents his claims handwritten on a commonly used form for prisoners filing §2241 petitions, a 76-page typewritten petition, and attached exhibits. Record No. 1.

On October 6, 1995, Petitioner Dawson and a co-defendant named Willis were convicted by a jury on all counts of the government's three-count indictment for drug offenses in *United States v. Dawson, et al.*, Case No. 95-CR-43-01-M/F, in the United States District Court for the Southern District of Indiana. On December 14, 1995, Dawson was sentenced to 220 months' imprisonment and Willis to 188 months, for the crimes of conspiring to possess cocaine and cocaine base with intent to distribute and conspiring to distribute both substances, in violation of 21 U.S.C. §841(a)(1); possessing with intent to distribute some 700 grams of cocaine base, in violation of 21 U.S.C. §841(a)(1) and 18 U.S.C. §2; and possessing with intent to distribute 400 grams of cocaine, in violation of 21 U.S.C. §§841(a)(1) and 18 U.S.C. §2.

The principal evidence at trial was the testimony of Byron Beard, apparently a past drug offender, who had agreed to cooperate with police to avoid a charge of violating his probation. He donned a wire to make false "buys" of cocaine, which the petitioner claims were from Willis only, in a motel room while the police listened. On March 8, 1995, after the second buy, members of the Muncie Drug Task force were waiting in a car outside the motel with a search warrant when they saw three men enter the room, two of the men being Willis and Dawson. The authorities then served the warrant and found drug packaging paraphernalia; drugs, both cocaine base and cocaine power; and one bag of cocaine with a latent fingerprint of Dawson. In addition to the testimony of Beard and the physical evidence, the government had the corroborating testimony of the police officers

directing Beard's activities and listening to the transactions, as well as the audio-tapes themselves.

Both Dawson and Willis attacked the credibility of Beard at trial, the petitioner stating herein that his entire defense rested on discrediting Beard. The jury convicted the men on every count, nonetheless. They both appealed, claiming that there was insufficient evidence to support their convictions. On May 31, 1996, their appeal failed, the United States Court of Appeals for the Seventh Circuit affirming the convictions and finding that they had not met the standard for relief under *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) and its progeny. *United States v. Dawson and Willis*, 87 F.3d 1316, 1996 WL 303659 (unpublished) (7th Cir. 1996).

The petitioner provides a recitation of his various subsequent challenges to his conviction, which total at least 10 separate proceedings, plus several motions in each, *e.g.*, to reconsider and to clarify. Several of these collateral proceedings are pertinent to the Court's screening duties today. According to Dawson, the first challenge was in a September 9, 1996 motion for a new trial, one of his grounds being, interestingly, newly discovered evidence; his second attack was in a November 25, 1996 motion to alter, amend or set aside, pursuant to 28 U.S.C. §2255; and the third was a Rule 33 motion, all three of which the trial court denied on June 23, 1997. In 1997, his fifth motion to the trial court, which was supposedly pursuant to Rule 60(b) and was again at least partially based on newly discovered evidence, was denied by the trial court.

The petitioner's seventh unsuccessful effort, in 1999, was to ask the Seventh Circuit for permission to file another §2255 motion in the trial court. Two months after the appellate court denied his request to do so, on September 29, 1999, Dawson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 in the United States District Court for the Western District of Tennessee. He states that the petition therein was transferred to the Seventh Circuit, where it was

denied the following month. The petitioner's ninth and tenth filings were "successive motion[s] pursuant to 28 U.S.C. 2255," and they were both denied, the last one on May 6, 2005.

Eight months later, Dawson has filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 in this Court. He states that he intended to testify at trial as to the events of March 8, 1995, and the days leading up to that date, and he provides what that testimony would have been in the form of his own 14-page affidavit, dated January 10, 2006, and attached as an exhibit. He claims that he is actually innocent of the drug crimes; he was not in the area in the day and night time leading up to the March 8th arrest; and in fact, he had never been in the motel room until that night, just during the minutes before the arrest.

In support of his purported innocence, the petitioner provided at trial and provides now to this Court several exhibits, including receipts, telephone logs, and other documents purportedly showing that he was elsewhere in relevant time period prior to his arrival at the motel, just minutes before the search. The petitioner also identifies an alibi witness who allegedly could have corroborated his position but his counsel did not call her to testify.

The first of the petitioner's five claims herein is that his trial counsel rendered ineffective assistance by not obtaining the testimony of his alibi witness. His second ground for relief is also based upon the purported actions/inactions of counsel. He alleges that she failed to see to it that he was properly medicated, and as a result he could not testify to his version of events; and he also alleges that his "new" evidence in the forms of a motorcycle, jewelry receipts, and his affidavit serve to meet the ineffective assistance of counsel standard warranting relief from his conviction.

For his third and fourth claims, the petitioner again sets out his purported whereabouts and his version of events to which he would have testified, if he could have testified. Then he argues that

4

his conviction was impermissibly based only on his "mere presence" at the scene of the search. He had no knowing intent to conspire or participate in any criminal activity; "his momentarily picking up and handling packages of drugs in inspection context is not actual or constructive possession. . . ." Finally, the petitioner claims that the testimony at trial and new evidence will show that he was "set up" by Beard, his ex-best friend.

## DISCUSSION

Ordinarily, 28 U.S.C. §2241 is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). Under certain circumstances, however, prisoners may invoke the "savings clause" at the end of the fifth paragraph of 28 U.S.C. §2255 to press challenges to their criminal convictions under Section 2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255, ¶5. Consistent with this statute, a §2241 petitioner must demonstrate that his remedy under Section 2255 is inadequate or ineffective to test the merits of his sentencing court claim(s) before another court may consider them on the merits, under its Section 2241 jurisdiction.

Accordingly, to see if a §2241 petition may be considered on the merits, the federal district court must ask under what circumstances a petitioner's remedy under Section 2255 is considered "inadequate or ineffective." The Sixth Circuit addressed this question by negative example in *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999). In *Charles*, the Sixth Circuit began by

emphasizing that relief under Section 2241 is not a "catch all" remedy, but is extremely limited, and available only upon the petitioner's demonstration that his Section 2255 remedy is truly "inadequate and ineffective." *Id.* at 756.

The *Charles* court made clear that a prisoner cannot satisfy the inadequate or ineffective requirement merely by demonstrating that he is time-barred from bringing a Section 2255 motion, or that he had already moved unsuccessfully for relief in a prior Section 2255 motion. *Id.* at 757. Further, habeas corpus relief is unavailable if a federal prisoner fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing law.

Subsequently, in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit addressed a question left unanswered in *Charles*: whether the savings clause may be properly invoked by a petitioner where his remedy under Section 2255 is procedurally unavailable, and hence ineffective to raise a new claim, *and* where he claims "actual innocence." The answer was yes. A viable claim of "actual innocence" arises where petitioner was convicted under a criminal statute, and thereafter the Supreme Court issues a decision that more narrowly interprets the terms of that statute. In such instances, there may arise a significant risk that petitioner was convicted of conduct that the law does not make illegal, and hence that the petitioner is "actually innocent" of the crime for which he was convicted.

By the express terms of the statute, Section 2255 permits a petitioner to bring a second or successive Section 2255 motion only (1) based upon newly-discovered evidence that casts significant doubt on Petitioner's guilt of the offense, or (2) based upon a Supreme Court decision on constitutional law made retroactive to subsequently-filed cases. Because a Supreme Court decision

6

interpreting a criminal statute does not fall within either of these exceptions, a prisoner like the petitioner in *Martin* cannot bring a second or successive Section 2255 motion. Therefore, prisoners often try to use Section 2241 to bring their claims before the court in the district where they are in custody.

Such appears to be the case herein. According to the instant petitioner's allegations of fact, he has filed three §2255 motions and at least one request to bring a successive §2255 motion, all of which were rejected in the time period from November 1, 1995, until May 6, 2005. Furthermore, he admits that he has previously tried attacking his conviction via 28 U.S.C. §2241, to no avail. Because he is not permitted a second Section 2255 motion under the standards discussed in the preceding paragraph and he is now in custody in the Eastern District of Kentucky, he brings his trial court issues to this Court, pursuant to §2241, claiming that §2255 has been foreclosed and that he is actually innocent of the crimes of which he stands convicted.

As afore-stated, this Court may reach the merits of a challenge to a prisoner's conviction and/or sentence, under its §2241 jurisdiction, only when the prisoner makes showings [1] that his or her remedy under Section 2255 is inadequate or ineffective to challenge the legality of his conviction *and* [2] that he or she has a claim of actual innocence under an intervening Supreme Court case interpreting the criminal statute under which he/she was convicted. *Martin*, 319 F.3d at 804; *see In re Lott*, 366 F.3d 431, 433 (6th Cir. 2004)(6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings

clause").[1]

This Court must, therefore, evaluate this petitioner's claims under the analytical framework described above to determine whether he may challenge his conviction and sentence in a habeas corpus petition under Section 2241, pursuant to the narrow authorization to do so in the savings clause of Section 2255. Having done so, however, the Court finds that Petitioner's allegations fail to pass the threshold test for such use of Section 2241.

Petitioner Dawson makes no claim that is truly new. He points to no evidence which is truly new. Every claim and every offered piece of "evidence" was available to him at trial and/or when he made his earlier §2255 motions to the trial court; yet he failed to make them then. Therefore, he has not demonstrated the first of the two prerequisites for using §2241, the inadequacy or ineffectiveness of his remedy via §2255.

Most importantly, the instant petitioner's claims are not claims of "actual innocence" as that term is discussed in *Bousley v. United States*, 523 U.S. 614, 620 (1998) (factual, not legal innocence), and in *Martin*, 319 F.3d at 805 (The claim of actual innocence of criminal conduct must be based on a Supreme Court decision "[...involving] statutory interpretation," which was "decided after the defendant filed his first Section 2255 motion"). The instant petitioner's claim simply is not based on a qualifying U.S. Supreme Court decision.

Because Petitioner Dawson has not met the requirements of the savings clause of §2255, he cannot pursue the instant claims challenging the validity of his conviction and sentence in a petition

---

[1] *See also United States v. Ryan*, 227 F.3d 1058 (8th Cir. 2000) (*Bousley* teaches that when the Supreme Court narrows the interpretation of a criminal statute enacted by Congress, that interpretation may be applied retroactively to §2255 motions for post-conviction relief); and *United States v. Barnhardt*, 93 F.3d 706, 709 (10th Cir. 1996) ("a petitioner collaterally attacking his conviction should be given the benefit of case law decided after his conviction when the conviction was for an act that the law does not make criminal," citing *Davis v. United States*, 417 U.S. 333 (1974)).

8

in this Court under §2241. *Bousley*, 523 U.S. at 620. The petitioner having failed to cross this threshold, the Court will not reach the merits of his claims, if any. Nor has the petitioner demonstrated innocence sufficient to satisfy the miscarriage of justice exception of *Schlup v. Delo*, 513 U.S. 298 (1995).

For the foregoing reasons, the Court must dismiss the instant §2241 petition for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii).

### CONCLUSION

Accordingly, it is **ORDERED** that Will L. Dawson's petition for writ of habeas corpus is **DENIED**, *sua sponte*; the action will be **DISMISSED** from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This the 13th day of March, 2006.

KARL S. FORESTER, SENIOR JUDGE